[S. F. No. 13471. In Bank.—September 17, 1929.]

SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and JAMES W. WILLIAMSON, Respondents.

Roy V. Reppy and E. W. Cunningham for Petitioner.

G. C. Faulkner and Edward O. Allen for Respondents.

RICHARDS, J.—This is an application for a writ of review made originally to the District Court of Appeal in and for the Second District, Division Two, but finally transferred to this court for hearing and determination. The petitioner was the employer of one James W. Williamson, who on November 26, 1927, sustained an injury arising out of and in the course of his employment. Upon receiving notice of its employee's said injury the petitioner herein furnished to said Williamson medical treatment through Dr. A. C. Coffey, its regular physician, and who treated the injured employee for some time for the aforesaid injuries. On December 12, 1927, Dr. Coffey advised Williamson that he would be able to return to work in a few days and he in fact returned to work on December 19th, remaining at work until January 3, 1928, but complaining of his condition, and actually being confined to his bed for several days intervening and prior to January 5, 1928. On the latter date he returned to the physician requesting further treatment, but said physician was of the opinion that Williamson had so far recovered from the effects of his injury as to resume work, notwithstanding the fact that the latter was still complaining of his nervous and worn-out feeling, and refused him further treatment. Williamson then went to Dr. Wm. F. Rey of Oxnard for treatment, and was examined and treated by the latter for several days, during which he claimed to have discovered further and as yet unrelieved conditions resulting from his aforesaid injuries. On January 8, 1928, Dr. Rey informed the petitioner herein and its insurer that he was treating Williamson for the condition resultant upon his injury, but received no reply from either until about three months later, and which replies when received were unsatisfactory.

On April 23, 1928, Williamson filed with the Industrial Accident Commission an application for adjustment of his claim that the petitioner was under obligation to ·pay for the treatments he had received from Dr. Rey under the provisions of section 9 (a) of the Workmen's Compensation Act (Stats. 1917, p. 836, as amended by Stats. 1919, p. 913, sec. 4, and Stats. 1925, p. 640), which provides that the employer shall furnish "(a) such medical . . . treatment . . . as may reasonably be required to cure and relieve from the effects of the injury, the same to be provided by the employer, and ·in case of his neglect or refusal seasonably so to do the employer to be liable for the reasonable expenses incurred by or on behalf of the employee in providing the same." On the hearing upon said application the Commission took considerable testimony touching the single question presented by such application, viz., as to whether the employee brought himself within the foregoing provision of the Workmen's Compensation Act, at the conclusion of which the Commission made its findings of fact supporting the applicant's claim, holding that the proceedings upon said hearing sufficiently disclosed that "the employer refused and neglected to furnish further medical treatment required to cure and relieve from the effects of said injury and said employee is entitled to his reasonable medical expenses to be fixed by the commission . . . in case the parties are unable to agree out of court." The Commission subsequently, and in accord with its said findings, made the award which the petitioner herein seeks to have reviewed and annulled. ██ The sole question presented upon the present application is as to whether the Commission had sufficient facts before it to give it jurisdiction to make said award. It is the contention of the petitioner herein that the showing made by the employee was insufficient to justify the aforesaid finding of the Commission as to the employer's failure and refusal to furnish the employee with such further medical treatment as his condition as shown to exist on January 5, 1928, required, and what further treatment was refused him by the regularly employed physician of the employer theretofore in charge of his case. We do not deem it necessary to indulge in a further review of the facts of the case than as are hereinbefore set forth for the reason that so to do would merely result in

162

disclosing that the evidence produced before the Commission upon this identical issue was in sharp and substantial conflict. If the Commission believed the testimony of the applicant Williamson and of his selected physician, Dr. Rey, regardless of the counter-showing made by the employer and its insurer, such testimony would, in our opinion, be sufficient not only to support its award but to give to the Commission jurisdiction to make the same, and since the only question before us is one of jurisdiction, we would under the foregoing condition have no constitutional power to review or annul the Commission's said award. It is needless to cite authorities upon so thoroughly settled a proposition of constitutional law.

The award is affirmed.

Shenk, J., Seawell, J., Langdon, J., Waste, C. J., Curtis, J., and Preston, J., concurred.

Rehearing denied.

All the Justices present concurred.